UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

   DANNY LEE HAKES,                             Case No. 14-32139-dof
                                                       Chapter 13 Proceeding
            Debtor.                                    Hon. Daniel S. Opperman
_____/
OLD REPUBLIC INSURANCE COMPANY,

   Plaintiff,

v.                                                                           Adv. Proc. No. 14-3199

DANNY LEE HAKES,

   Defendant.
_____/

## OPINION DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF MARCH 16, 2015, ORDER HOLDING ADVERSARY PROCEEDING IN ABEYANCE

      Defendant and Debtor in this Chapter 13 bankruptcy case, Danny Lee Hakes ("Defendant") has filed a Motion for Reconsideration of this Court's March 16, 2015, Order Holding Adversary Proceeding in Abeyance, entered in connection with this Court's Opinion entered the same day Granting Motion for Relief from Stay Re: Abstention from Determination of Claims, Lift of Stay to Continue Prepetition Lawsuit and Abeyance of Adversary Proceeding Pending Resolution of Prepetition Lawsuit Filed by Old Republic Bank ("Abeyance Order"). The instant Motion was filed within 14 days after entry of the Abeyance Order and is, therefore, governed by Federal Rule of Bankruptcy Procedure 9023 and Local Rule of Bankruptcy Procedure, E.D. Mich. LBR 9024-1. The Court will also consider the instant Motion under

1

Federal Rules of Civil Procedure 59(e) and 60(b).[1]

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Rule 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard). An appellate court reviews a bankruptcy court's decision regarding a motion for reconsideration under an abuse of discretion standard.

Federal Rule of Civil Procedure 59 is incorporated by Federal Rule of Bankruptcy Procedure 9023. Rule 59(a)(2) provides that "[a]fter a nonjury trial, the Court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Rule 59(e) provides for the filing of "[a] motion to alter or amend a judgment." The Rule describes no standard, but does establish a 28-day deadline from entry of the judgment.

"A denial of a motion to alter or amend a judgment under Rule 59(e) is typically

---

[1] As made applicable to bankruptcy proceedings by Federal Rules of Bankruptcy Procedure 9023 and 9024, respectively.

2

14-03199-dof    Doc 42    Filed 07/30/15    Entered 07/30/15 16:26:26    Page 2 of 6

reviewed for abuse of discretion." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted). The Sixth Circuit allows for setting aside a judgment for "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *United States v. Ford Motor Co.*, 532 F.3d 496, 507 (6th Cir. 2008) (internal quotation marks and citation omitted) (applying standard where the plaintiff intended to file an amended complaint). "A motion under Rule 59(e) is not an opportunity to re-argue a case." *Chippewa Indians v. Engler*, 146 F.3d at 374 (citation omitted). "Rule 59(e) motions are aimed at reconsideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Chippewa Indians v. Engler*, 146 F.3d at 374 (internal quotation marks and citation omitted). A ruling in the context of a Rule 59(e) motion on an argument not previously raised amounts to an advisory opinion on a matter not before the Court. *Adcock v. Firestone Tire & Rubber Co.*, 822 F.2d 623, 627 (6th Cir. 1987) (vacating as "clearly improper" a ruling on a question "not mentioned in the complaint, nor by any party in a motion for summary judgment"). "'Under this standard [of review], the district court's decision and decision-making process need only be reasonable.'" The granting of a Rule 59(e) motion "is an extraordinary remedy and should be used sparingly." This is because a motion pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Pequeno v. Schmidt (In re Pequeno)*, 240 Fed. Appx. 634, 636 (5th Cir. 2007) (internal citations and footnotes omitted).

      The only potential applicable subsection of Rule 60(b) is subsection (b)(6). The Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the

3

Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citations omitted). "This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)." *Rogan v. Countrywide Home Loans, Inc.* (*In re Brown*), 413 B.R. 700, 705 (B.A.P. 6th Cir. 2009) (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir.1990)).

"Notwithstanding the extraordinary nature of relief under [Rule] 60(b)(6), district courts may employ subsection (b)(6) as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Hopper*, 867 F.2d at 294. But the "something more" is limited to "unusual and extreme situations where principles of equity mandate relief[,] coupled with a showing that if relief is not granted[,] extreme and undue hardship will result." *Brown*, 413 B.R. at 705 (citations omitted). "Accordingly, a motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is 'especially broad' given the underlying equitable principles involved." *Hopper*, 867 F.2d at 294.

"Most of the grounds for relief relate to, if not require, new information about the case that could not reasonably have been discovered earlier. And the public policy favoring finality of judgments limits the availability of relief under [Rule 60(b)]. That is especially true in an application of subsection (6) of Rule 60(b) . . . ." *Gencorp, Inc. v. Olin Corp.*, 477 F.3d 368, 3372 (6th Cir. 2007) (internal quotation marks and citations omitted).

"The parties may not use a Rule 60(b) motion as a substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper*, 867 F.2d at 294. "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. Alliedsignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citation

omitted).

There is no dispute that the instant Motion is timely filed.  Defendant, re-asserting his version of the underlying facts of this case, argues that abstention by this Court will result in duplicative proceedings because a determination of nondischargeability of the underlying debt would thereafter be determined by this Court based upon the state court's findings and conclusions.  In its underlying Opinion, the Court analyzed the thirteen non-exclusive factors set forth in the *Tremaine*[2] case that weigh in favor of abstention, and determined:  that abstention would assist in the efficient administration of the estate; that state law issues predominate over bankruptcy issues, particularly issues involving Michigan statutory No Fault Law and common law, but while recognizing that the subject area of state law may not be particularly difficult or unsettled; that the timing of the state court matter preceding the bankruptcy weighed in favor of permissive abstention; that there was no jurisdictional basis other than the bankruptcy to hear this primarily state court claim, rejecting the Defendant's argument that Old Republic Bank's filing of a claim in the bankruptcy is sufficient to establish sufficient relatedness, a claim which should be resolved in state court; that an eventual nondischargeability determination is a practical outcome of this proceeding only, to which this Court would be bound to apply applicable principals of the Rooker-Feldman Doctrine and collateral estoppel; and that the Court carefully analyzed each of the other elements, determining such to be neutral or weighing in favor of Old Republic Bank.

Thus, Defendant has not shown the requisite clear error of law.  Further, Defendant has not directed the Court to an intervening change in controlling law, the availability of new evidence, or the prospect of manifest injustice.  Defendant has not identified any controlling

---

[2] *Brothers v. Tremaine (In re Tremaine)*, 188 B.R. 380, 384 (Bankr. S.D. Ohio 1995).

authority that this Court overlooked, or factual evidence that this Court ignored. The Court also concludes that Defendant has not shown any extraordinary circumstances warranting relief. Instead, Defendant recites the history of this case and repeats arguments the Court considered in issuing the Abeyance Order and the underlying Opinion.

Accordingly, the Motion of Defendant To Reconsider the Abeyance Order is denied. The Court will enter an appropriate Order.

Not for Publication

**Signed on July 30, 2015**

               **/s/ Daniel S. Opperman**
              **Daniel S. Opperman**
              **United States Bankruptcy Judge**